UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

RICHARD ANTHONY FURNO,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., a/k/a
JPMORGAN CHASE BANK, N.A., an Ohio
Corporation and JPMORGAN CHASE &
CO., a New York Corporation,

    Defendants.

## NOTICE OF REMOVAL

Defendant, JPMORGAN CHASE BANK, N.A.[1] (hereinafter "JPMORGAN"), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida, Broward County Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*

### II. BASIS FOR DIVERSITY JURISDICTION

1.    Plaintiff, Richard Anthony Furno ("Plaintiff"), commenced this civil litigation in the 17th Judicial Circuit Court in and for Broward County, Florida styled RICHARD ANTHONY FURNO v. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION a/k/a JPMORGAN CHASE BANK, N.A., an Ohio Corporation and JPMORGAN CHASE & CO., a New York

---

[1] JPMORGAN CHASE & CO. was wrongly named in Plaintiff's Complaint.

Corporation, CASE NO. CACE 18-006114 (the "Action"). Attached hereto as part of Exhibit "1" is a copy of Plaintiff's Complaint.

2. JPMORGAN was served with the Complaint on or about March 23, 2018. Attached hereto as part of Exhibit "1" is the service proof of said Complaint.

3. While the complaint is highly vague and ambiguous, this is an alleged personal injury case in which JPMORGAN is alleged to have been negligent because Plaintiff tripped and fell due to "uneven concrete" somewhere at the JPMORGAN premises located at 6500 North State Road 7 in Coconut Creek, Florida. Plaintiff's complaint alleges a host of legal conclusions centered around the "uneven concrete" and that JPMORGAN somehow negligently created or permitted the aforementioned dangerous and hazardous condition to remain upon the premises and failed to warn Plaintiff of the same.

4. On April 17, 2018, in an attempt to determine whether the amount in controversy exceeds the jurisdictional limit of $75,000.00 for removal, JPMORGAN served its jurisdictional Request for Admissions to Plaintiff, requesting that Plaintiff "Admit the alleged amount in controversy for the claims alleged by Plaintiff in the Complaint exceeds $75,000.00, exclusive of interest and costs." Attached hereto as Exhibit "2" is a true and correct copy of Defendant's Request for Admissions to Plaintiff dated April 17, 2018.

5. On April 18, 2018, Plaintiff responded to JPMORGAN's Request for Admissions with improper objections and without admitting or denying whether the alleged amount in controversy exceeds $75,000.00. Attached hereto as part of Exhibit "2" is a true and correct copy of Plaintiff's Response to Defendant's Request for Admissions.

6. On May 2, 2018, JPMORGAN sent Plaintiff's counsel a correspondence providing notice of the intent to remove and an accompanying Joint Stipulation of Alleged Damages for

signing by Plaintiff's counsel. Undersigned counsel further prepared the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel and enclosed the same with its correspondence advising Plaintiff of its intention to remove the matter. Attached hereto as Exhibit "3" is the May 2, 2018 correspondence and proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court.

7. On May 16, 2018, a hearing was held on Plaintiff's Objections to Defendant's Request for Admissions. The Court entered an Order stating that Plaintiff's objections were overruled and that "Plaintiff shall answer Request for Admission #1 and #2."[2] Attached hereto as part of Exhibit "2" is the May 16, 2018 Court Order.

8. Attached hereto as part of Exhibit "2" is Plaintiff's Amended Response to Defendant's Request for Admissions filed on May 18, 2018, where Plaintiff failed to admit or deny request for admissions #1 and #2 as follows:

> Plaintiff is unable to admit or deny the truth of this request because it is directed toward a central issue of fact in the case which will ultimately be determined by the jury based on the evidence admitted trial. This request attempts to create a jurisdictional fact by improperly usurping the province of the jury and asking Plaintiff to speculate what a jury may or may not award in non-economic damages. Plaintiff will not know whether his "total damages" exceed $75,000.00 until the trial of the matter is heard and a jury award is rendered.
>
> Plaintiff is unable to admit or deny the truth of this request as being directed toward the amount of damages that the Plaintiff should be compensated for the accident related injuries. The award of damages will be determined by the jury.

9. A review of Plaintiff's Amended Responses to Defendant's Request for Admissions

---

[2] Request for Admissions #1 and #2 requested that Plaintiff admit or deny that the amount in controversy exceeds the jurisdictional threshold of $75,000.00

revealed that Plaintiffs responses to request for admissions #1 and #2 remained almost entirely unchanged from the initial Response, with the exception of the objections, which were overruled. Specifically, Plaintiff responded that it will not know whether its "total damages" exceed $75,000.00 until the trial of the matter is heard and a jury award is rendered.

10. JPMORGAN was thus left with no choice but to file a Motion to Compel Better Responses to Request for Admissions. Attached hereto as part of Exhibit "4" is a true and correct copy of Defendant's Motion to Compel Better Responses to Request for Admissions dated May 30, 2018.

11. On June 28, 2018, a hearing was held on Defendant's Motion to Compel wherein the Court entered an Order denying Defendant's Motion. Plaintiff's inability to know whether the amount in controversy would exceed $75,000.00 served as the grounds for the denial. Attached hereto as part of Exhibit "4" is the June 28, 2018 Court Order.

12. On the same day as the hearing on Defendant's Motion to Compel, June 28, 2018, Defendant served its Request for Production to Plaintiff, requesting medical records related to Plaintiff's treatment as a result of the alleged incident that is the subject of Plaintiff's Complaint. Attached hereto as Exhibit "5" is Defendant's Request for Production.

13. On August 6, 2018, Plaintiff filed its Response to Defendant's Request for Production, however, Plaintiff failed to include the documents cited to in its Response. Attached hereto as part of Exhibit "5" is Plaintiff's Response to Defendant's Request for Production.

14. On August 8, 2018, Plaintiff provided Defendant with the aforementioned documents which included medical records and bills demonstrating that Plaintiff's purported damages claim is in excess of $75,000. Attached hereto as Exhibit "6" are the redacted medical bills and records sent by Plaintiff in Response to Defendant's Request for Production.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

15.     Plaintiff's Complaint states only that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court. The damages available to Plaintiff, if he prevails, are not limited in any fashion, however. Plaintiff alleges that as a result of the alleged negligence, he "suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future, loss for the capacity for the enjoyment of life; incurred medical expenses for the care and treatment of his injuries; said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future."[3]  In summary, the limited medical records received to date indicate that Plaintiff allegedly sustained the following severe injuries as a result of the subject incident: (1) partial tear of posterior cruciate ligament; (2) partial tear of femoral attachment; (3) cervical spondylosis; and (4) left knee partial lateral meniscectomy, patellofemoral chondroplasty and partial synovectomy. See attached, as Exhibit "6" Plaintiff's redacted medical records demonstrating medical expenses and injuries supporting Plaintiff's alleged damages' claim in excess of $75,000.00.

---

[3] Plaintiff sent a pre-suit Demand Letter to Defendant dated December 19, 2016, requesting $285,000.00 for the full settlement of the claim, citing to Plaintiff's "past and future medical bills, and pain and suffering," as a basis for the settlement amount, further demonstrating that Plaintiff's purported damages claim is in excess of $75,000.00.  However, Plaintiff failed to include any medical records or bills in support of the settlement demand, thus making it insufficient for removal purposes.  Although demand letters can be used as other papers under 28 USC §1446(b), they are not determinative. *Golden v. Dodge-Markham, Co*., Inc., 1 F.Supp.2d 1360, 1366 (M.D. Fla. 1998). This is because courts have reasoned and recently held that demand letters are generally puffery and posturing and are insufficient to prove the amount in controversy by a preponderance of the evidence. *Jenkins v. Myers*, Case No.: 8:16-cv-00344-EAK-EAJ (M.D. Fla. Jul. 27, 2016). The Court noted in a recent case that settlement demands should be approached with skepticism. *Jackson v. Select Portfolio Servicing, Inc*., No. 08-0628, 2009 WL 2385084, at *1 (S.D. Ala. July 31, 2009). As it applies to this case, Plaintiff's demand letter is simply puffery. Defendant thus filed this Notice only after receiving the supporting medical records.

16. Florida jury verdict searches, attached as Exhibit "7", for similar injuries consisting of a torn cruciate ligament requiring surgery demonstrate that the verdict awards exceed the amount in controversy requirement of $75,000.00. *See Allision vs. Kendall Sports Bar, Inc.,* 2009 FL Jury Verdicts Review LEXIS 2855 (Broward County 2009) ($79,635 verdict for personal injuries consisting of a tear of the cruciate ligament of the knee, recommended surgery, and pain and suffering); *John C. Douglass v. Streamline Hotel, Inc., a corporation of the State of Florida, and Richard P. Postlewai,* 2014 Jury Verdicts LEXIS 4978 (Volusia County 2014) ($86,157 verdict for Plaintiff for injuries consisting of tear of the cruciate ligament, loss of earnings, and pain and suffering). See Exhibit "7" jury verdict search.

17. Florida jury verdict searches, attached hereto as "Exhibit 8", for similar injuries consisting of a torn meniscus reveal that the verdict awards greatly exceed the amount in controversy requirement of $75,000.00. *See Julia-Emilia Ilie v. NCL (Bahamas) Ltd.*, Case No. 05-16592 CA 11, Miami-Dade County, 2008 (Plaintiff was awarded $173,400.00 for only a torn meniscus that required surgery. The award included $1,400.00 for past lost wages; $50,000.00 for past pain and suffering; $72,000.00 for future surgery; and $50,000 for future pain and suffering); *Casanova v. Wal-Mart Stores, Inc.*, Case No. 04-8579 CA 04, Miami-Dade County, 2005 (Plaintiff was awarded $144,000.00 for only a torn meniscus. The award included $30,000.00 for past medical expenses; $40,000.00 for future medical expenses; and $70,000.00 for past pain and suffering); *Morand v. Carli*, Case No. 01-06-CA-29-J, Alachua County, 2008 (Plaintiff was awarded $299,215.00 for a lumbar herniation, requiring surgery, and a torn meniscus also requiring surgery. The award included $160,000.00 for past pain and suffering and $41,760.00 for future pain and suffering). See Exhibit "8" jury verdict searches.

18. The time for removal did not begin to run until August 8, 2018, when Defendant received the medical bills and records from Plaintiff in response to Defendant's Request for Production evidencing medical treatment that exceeds the jurisdictional threshold of $75,000.00. *See* 28 USC § 1441; *Austin v. Harbour Behavioral Health Care Inst.*, No. 5:07-cv-173-Oc-10GRJ, 2007 WL 2050912 (M.D. Fla. 2007) (Where the basis for federal jurisdiction does not appear in the initial pleading, but arises subsequently, the defendant must file a notice of removal within thirty days after receipt by Defendant of a motion or "other paper" from which it may be first ascertained the case is one which is or has become removable); and *Murchison v. Progressive Northern Ins. Co*., 564 F. Supp. 2d 1311 (E.D. Okla. 2008) (holding that the denial of a request for admission was "other paper" under the meaning of § 1446(b).

19. Defendant seeks removal to the Southern District of Florida, Fort Lauderdale Division, the District in which the action is now pending.

20. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

21. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 17th Judicial Circuit Court in and for Broward County, Florida as required by law.

22. Attached to this Notice as Exhibits are all true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

23. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a).  This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

24. Plaintiff is a citizen of Florida and the Defendant JPMORGAN is a National Association with its principal place of business located at 111 Polaris Parkway in Columbus, Ohio. JPMORGAN is therefore a citizen of the state of Ohio.

25. Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction on the face of the Amended Complaint based upon diversity of citizenship.

### III. CONCLUSION

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff is a citizen of Florida and Defendant JPMORGAN is a citizen of Ohio. Accordingly, Defendant JPMORGAN respectfully request that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1441, *et seq*.

/s/ Michael A. Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

      I hereby certify that on August 16, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              s/ Michael A. Garcia
                                              Michael A. Garcia

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

**SERVICE LIST**

CASE NO.

Devin P. Tison, Esq.
Reinfeld Cabrera Tison
10235 W. Sample Road
Suite 207
Coral Springs, Florida 33065
E-Mail: service@myflattorney.com
Telephone: (954) 334-1520
Facsimile: (954) 334-1526
Attorney for Richard Anthony Furno